# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Lance T. Otterstein,<br><br>    Plaintiff<br><br>    v.<br><br>State Farm Mutual Automobile Insurance Company,<br><br>    Defendants | Case No.: 2:12-cv-1884-JAD-PAL<br><br>**Order Denying Defendants' Motion for Summary Judgment [Doc. 21]** |

    In this uninsured motorist coverage action, Defendant State Farm Mutual Automobile Insurance Company moves for summary judgment against Plaintiff Lance T. Otterstein. State Farm contends that Otterstein's failure to respond to requests for admissions results in his admission that he was not injured in the accident giving rise to this lawsuit. Although Otterstein does not dispute that he failed to timely answer the discovery requests, the Court will permit him with "withdraw" his prior (non-) "responses" under Federal Rule of Civil Procedure 36(b), preserving adjudication the merits and without any real prejudice to State Farm.

## Background[1]

Otterstein claims that on June 8, 2010, he was involved in a traffic accident on Nellis Boulevard in Las Vegas, Nevada, from which he sustained nearly $40,000 in medical damages. Doc. 1 at 13. Otterstein filed a benefits claim with State Farm, which had issued an uninsured/underinsured motorist's policy of which the driver of the other car was the beneficiary. *See id.* When State Farm refused to make a settlement offer, Otterstein sued State Farm for (1) breach of contract, (2) unfair claims practices in violation of NRS § 686A.310, and (3) breach of the implied covenant of good faith and fair dealing. *See id.* at 13-16. State Farm removed this case to federal court on November 2, 2011, claiming diversity jurisdiction under 28 U.S.C. § 1332.[2]

State Farm propounded Rule 36 Requests for Admission on Otterstein on December 19, 2012, which went unanswered. *See* Doc. 21-2. State Farm then moved for summary judgment on September 30, 2013, arguing that Otterstein's failure to respond resulted in his admission that he suffered no medical injuries as a result of the accident, and that no future medical treatment would be needed. Doc. 21 at 4. Otterstein opposes the motion, explaining that he failed to respond to State Farm's discovery requests because he was in federal prison, but he responded fully—and without objections—as soon as she was released. Doc. 26. Otterstein's late-served, objection-free responses deny that he suffered no injuries. Doc. 26-1.

## Discussion

Federal Rule of Civil Procedure 36(a) allows "[a] party [to] serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: the facts, the application of law to fact, or

---

[1] This factual description is intended only for general background and not intended as any finding of fact.

[2] In their Petition for Removal, State Farm claimed that although Plaintiff's injuries were alleged to be $38,510.80 and thus did not meet the $75,000 amount-in-controversy threshold required in diversity cases, Plaintiff's medical damages had recently increased to $40,278.00, and the available medical evidence indicated that these would grow in time. Since the insurance policy limit in this case was $100,000, they claim removal was proper.

2

opinions about either."[3]  "The matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer . . . addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be . . . ordered by the court."[4]  "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. . . .  The Court may permit the withdraw or amendment if it would permit the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending an action on the merits."[5]  The Ninth Circuit emphasizes that a court's decision to grant relief under Rule 36(b) is permissive, not mandatory, and that "[u]nanswered requests for admissions may be relied on as the basis for granting summary judgment."[6]  A court may additionally require a party to demonstrate good cause for why they should be permitted to withdraw their prior admissions.[7]

     The Court construes Otterstein's response to State Farm's motion to include an implied request under Rule 36(b) to withdraw his prior admissions (by non-response) to State Farm's requests for admissions, and the Court finds good cause to allow this withdrawal and replacement.  Otterstein was incarcerated; State Farm knew of his status; State Farm had the opportunity to take Otterstein's deposition and obtain testimony about his injuries and State Farm had an independent medical examination of Otterstein performed, so the late-served written discovery responses were not State Farm's only method for obtaining information in this litigation; when Otterstein responded to these written discovery requests he waived all objections; and the discovery deadline was extended to next week, in part because

---

[3] Fed. R. Civ. Proc. 36(a)(1)(A).

[4] *Id.* at 36(a)(3).

[5] *Id.* at 36(b).

[6] *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

[7] *See id.* at 625.

3

Otterstein's incarceration delayed the discovery process. *See* Doc. 31. State Farm has not demonstrated that permitting Otterstein to respond will prejudice its ability to defend the merits of the case; at best, it claims that there is no good cause for Otterstein's failure to respond, as his counsel would have known how to reach Otterstein and simply failed to do so. This may be so; and the Court is also cognizant that Otterstein's request to withdraw came a month prior to this case's original discovery deadline. The Court strongly cautions Otterstein that future failures to answer discovery requests or comply with court-imposed deadlines in a timely fashion will be met with considerable skepticism. But for now, the Court permits him to withdraw his responses under Rule 36(b) and substitute those responses contained at Doc. 26-1 in their place. State Farm's motion for summary judgment is denied.

## Conclusion

**IT IS HEREBY ORDERED** that State Farm's Motion for Summary Judgment [Doc. 21] is **DENIED.**

Dated: May 5, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE