UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LANCE T. OTTERSTEIN,<br><br>    Plaintiff,<br><br>       v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendants. | Case No.: 2:12-cv-1884-JAD-PAL<br><br>**Order Granting Summary Judgment** |

Lance Otterstein sues State Farm Mutual Automobile Insurance Company for breach of the underinsured/uninsured (UM/UIM) provisions of Otterstein's mother's car insurance policy after State Farm denied Otterstein's claim for injuries he allegedly sustained in a 2010 collision. State Farm moves for summary judgment on Otterstein's lone breach-of-contract claim, arguing that Otterstein cannot prove his legal entitlement to benefits because there is no evidence that the subject crash—and not one of Otterstein's prior accidents—is the cause of his claimed injuries.[1] Otterstein —though represented by counsel—has completely failed to oppose State Farm's motion, and the record is devoid of any evidence to support Otterstein's claims. State Farm has demonstrated its entitlement to judgment as a matter of law, and I grant its motion for summary judgment.

**DISCUSSION**

**A.    Factual Background**

On June 8, 2010, Otterstein was driving along Nellis Boulevard in Las Vegas when a car ran a red light and collided with him.[2] Hoping to recover for the injuries he allegedly suffered, Otterstein made a demand on State Farm, which had issued a UM/UIM policy to Otterstein's mother

---

[1] Doc. 35.

[2] Doc. 35 at 2.

and grandmother, the owners of the car Otterstein was driving.[3] Otterstein alleges that the insurer failed to offer him a reasonable settlement; he sued State Farm in state court; and State Farm removed the case to federal court.[4]

During the discovery period, which closed in May 2014,[5] State Farm deposed Otterstein and his treating physicians. As the properly authenticated excerpts of these deposition transcripts reflect, this was not Otterstein's only car accident; he had previously sustained neck and back injuries (for which he underwent surgery) after a semi truck collided with the motorcycle he was riding.[6] State Farm deposed three of Otterstein's treating physicians, who all testified that they would need to further evaluate him before they could say what injuries, if any, resulted from the 2010 accident as opposed to the motorcycle crash.[7] Otterstein has designated no expert witness to link his injury claims to the 2010 crash.[8]

**B.   Procedural Background**

Otterstein originally sued State Farm for (1) breach of contract, (2) unfair claims practices, and (3) bad faith,[9] but he dismissed all but the breach-of-contract claim by stipulation.[10] Shortly after the close of discovery, State Farm filed two motions for summary judgment—the first seeking only partial summary judgment and the second seeking the complete disposition of Otterstein's claim.[11] Because my disposition of the full motion for summary judgment, Doc. 35, moots the motion for partial summary judgment, I grant the motion for summary judgment and deny the motion for partial

---

[3] Doc. 35-1 at 2.

[4] Doc. 35-1 at 4; Doc. 1.

[5] Doc. 31.

[6] Doc. 35-2 at 3-4.

[7] Doc 35-3 at 8; Doc. 35-4 at 47; Doc. 35-5 at 72.

[8] Doc. 35 at 3.

[9] Doc 35-1 at 4-6.

[10] Doc. 12.

[11] Docs. 34, 35.

summary judgment as moot in light of that ruling.

C.     **Legal Discussion**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[12] Only admissible, properly authenticated evidence can be considered.[13]

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[14] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts";[15] he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[16] The court must view all facts and draw all inferences in the light most favorable to the nonmoving party.[17]

State Farm has met its burden on summary judgment. It argues that the evidence in the record fails to support Otterstein's claims and offers properly authenticated deposition transcripts that demonstrate that Otterstein suffered significant injuries from an earlier vehicle accident and that his treating physicians are unable to offer evidence to link his more recent injury complaints to the 2010 accident instead of the earlier motorcycle crash.[18] As the Nevada Supreme Court explained in

---

[12] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[13] *Bank of Am. v. Orr*, 285 F.3d 764, 774 (9th Cir, 1991). State Farm's documents were properly authenticated. Each of the deposition transcripts identified the names of the deponent and the name of the action, and they all include a reporter's certification that the deposition is a true record of the testimony of the deponent. *See* Docs. 35-2, 35-3, 35-4, and 35-5.

[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[15] *Bank of Am.* 285 F.3d at 783 (internal citations omitted).

[16] *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[17] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[18] Doc 35-3 at 8; Doc. 35-4 at 47; Doc. 35-5 at 72.

*Pemberton v. Farmers Insurance Exchange*, to establish "legal entitlement" to UM/UIM benefits, the plaintiff must show "fault on the part of the uninsured motorist which gives rise to the damages and to prove the extent of those damages."[19]

Otterstein has satisfied neither prong of *Pemberton*. Although the deposition excerpts offered by State Farm show that Otterstein went into the 2010 accident having already sustained significant back and neck injuries and undergone injections and spinal surgery as a result of his earlier motorcycle-versus-semi accident, there is no evidence in the record to link any injuries to the 2010 accident. Otterstein's treating physicians all testified that they have not apportioned his injuries between the motorcycle accident and the instant one. Although the Nevada Supreme Court has—depending on the timing of multiple torts causing singular injury—placed the burden of apportionment on the defendant, the plaintiff still must first prove that "each successive negligent defendant has caused some damage."[20]

The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences.[21] As Rule 56(e) explains, "If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion," and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it. . . ." Otterstein's failure to offer any opposition whatsoever has left the court without any evidence that the 2010 accident was the cause of any of his damages. And the undisputed facts as properly presented and supported by State Farm in its motion, coupled with the passing of the discovery period, belie Otterstein's ability to ever muster any.

. . .

---

[19] *Pemberton v. Farmers Insurance Exchange*, 858 P.2d 380, 384 (Nev. 1993),

[20] *Kleitz v. Rankin*, 738 P.2d 508 (1987) (quoting *Phennah v. Whalen*, 621 P.2d 1304 (Wash. Ct. App. 1980)).

[21] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

**CONCLUSION**

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

- State Farm's Motion for Summary Judgment **[Doc. 35] is GRANTED;**
- State Farm's Motion for Partial Summary Judgment **[Doc. 34] is DENIED** as moot; and
- The Clerk of Court shall enter judgment in favor of State Farm and against Lance Otterstein and close this case.

December 12, 2014

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE